

Joseph H. Mizrahi – Attorney
300 Cadman Plaza W, 12th Floor
Brooklyn, NY 11201
P: 929-575-4175 | F: 929-575-4195
E: joseph@cml.legal | W: cml.legal

October 10, 2018

**VIA SDNY-ECF**
Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, N.Y. 10007

Re:   *Edwin Diaz v. The Kroger Co.*, Case No. 1:18-cv-07953-KPF
        **Response to Defendant's Pre-Motion Conference Letter**

Dear Judge Failla,

The Undersigned represents the Plaintiff in the above entitled matter, and pursuant to this Court's Individual Rule 4.A, hereby reply to Defendant's September 27, 2018, Pre-Motion Conference Letter, in re, Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(2), in order to clarify Plaintiff's position and demonstrate, with both factual evidence and persuasive authority, that this Honorable Court does, in fact, possess personal jurisdiction over this matter.

   **I.   Defendant's Posture**

According to Defendant, Plaintiff is not a member of The Kroger Co.'s loyalty program and accordingly would not be able to purchase goods for shipment to his home state of New York.[1] In addition, Defendant argues that, since The Kroger Co. is neither incorporated in the State of New York nor has its principle place of business there, jurisdiction is improper.

   **II.   The Pre-Motion Letter to Dismiss is Premature**

In deciding a motion to dismiss pursuant to 12(b)(2), a court must assume all of the plaintiff's factual allegations are true, and all doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." *Nader v. Getschaw,* 2000 U.S.

---

[1] Defendant argues incorrectly that under 12(b)(2), since "[P]laintiff is not a member of the Kroger Co.'s loyalty program, and would not be able to purchase goods for shipment to his home state of New York." (Letter pg. 1) However, this argument ought to have been made pursuant to Fed.R.Civ.P. 12(b)(1), challenging subject-matter jurisdiction rather than personal jurisdiction. *Summers v. Earth Island Inst*., 555 U.S. 488, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009). Moreover, it must be born in mind that "Membership" does not determine standing to sue. See, e.g., *Gniewkowski v. Lettuce Entertain You Enterprises, Inc.,* 251 F.Supp.33d 908 (W.D. Pa. 2017)

Dist. LEXIS 14308, at *7 (S.D.N.Y. Sept. 29, 2000) (quoting *A.I. Trade Fin., Inc. v. Petra Bank,* 989 F.2d 76, 79-80 (2d Cir. 1993). And, although the plaintiff bears the burden of establishing that this court has jurisdiction over the defendant, at this early stage in the proceedings, where no evidentiary hearing has been held, the plaintiff need only make a prima facie showing of jurisdiction. See *Kernan v. Kurz-Hastings, Inc.,* 175 F.3d 236, 240 (2d Cir. 1999). Here, the Plaintiff's assertions are more than sufficient to establish a prima facie showing.

In particular, The Complaint asserts that Plaintiff is a permanently blind resident of New York, who uses screen reading software to navigate the internet. (Compl. ¶ 3) In June 2018, Plaintiff attempted to access Defendant's website to learn about The Kroger's Co.'s retail stores, to gain access to the goods and services, including coupons, information as to promotions, and other services available online, which Defendant offers in connection with their physical locations, irrespective of membership.  (Compl. ¶ 20, 21, 23)  Plaintiff was denied equal access to Defendant's website based on his disability due to the numerous accessibility barriers thereon. The access barriers on "www.krogers.com" caused a denial of Plaintiff's full and equal access on a number of occasions. (Complaint ¶ 26)

### III. Plaintiff Does Not Need to Be a Member of Krogers Loyalty Program

Succinctly, a plaintiff's enrollment or membership in an organization, or lack of, does not determine his standing to sue. The Supreme Court has affirmatively confirmed almost two decades ago that Title III of the ADA has no "clients or customers" limitation. *PGA Tour v. Martin,* 532 U.S. 661, 679 (2001); see also *Molski v. M.J. Cable Inc.,* 481 F.3d 724, 739 (9th Cir. 2007) ("One need not be a client or customer of a place of public accommodation to feel the sting of its discrimination."); *id.* (quoting *PGA Tour,* 532 U.S. at 679). Thus, Defendant's argument concerning Plaintiff's lack of being a member of its loyalty program must be disregarded completely.

### IV.  C.P.L.R. §§ 302(a)(1)

Plaintiff asserts that personal jurisdiction exists under the "transacting business" prong of N.Y. C.P.L.R. §§ 302(a)(1) and that personal jurisdiction in New York does not offend traditional notions of fair play and substantial justice because Defendant's website permits a high level of interactivity between Defendant and New York residents. In particular, Plaintiff asserts that: (1) The Kroger Co. operates 2,769 grocery retail stores, under a variety of banner names; (2) sells products through its website to consumers nationally, including New York; (3) The subject website allows consumers to order products, obtain information about the products and receive delivery of the products anywhere in the United States; and (4) the website advises consumers that they can call various numbers in relation to the specific Department, or e-mail to further inquire as to its Company.

 Courts considering the issue of when Internet activity provides personal jurisdiction have identified an array of fact patterns. At the lower end of the spectrum are "passive" websites which primarily make information available to viewers but do not permit an exchange of information. Such websites, for instance, do not confer personal jurisdiction. See *Citigroup, Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 564 (S.D.N.Y. 2000). At the other ends of the spectrum are cases in which

the defendant repeatedly transmits computer files to customers over the internet in other states. *Compuserve, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir. 1996). Occupying the middle ground, which we assert applies, are "interactive" websites, which permit the exchange of information between the Defendant and website viewers. *Citigroup Inc.*, 97 F.Supp.2d at 565; *Student Advantage, Inc. v. International Student Exchange Cards, Inc*., 2000 U.S. Dist. LEXIS 1290585, at *4 (S.D.N.Y. Sept. 13, 2000). Generally, an interactive website supports a finding of personal jurisdiction over the defendant. See, e.g., *Citigroup Inc.,* 97 F.Supp.2d at 565.

Here, Defendant's website enables the viewer to purchase a variety of food products online, download an order form, download an application to become an "independent affiliate," and even become a retailer for Defendant. At the very least, the website is highly interactive. See *Student Advantage, Inc*., 2000 U.S. Dist. LEXIS 1290585, at *4 (finding that website which permitted viewer to purchase product by providing payment and shipping information online constitutes an interactive website).

**V. Conclusion**

Based upon the reasoning above, Plaintiff respectfully requests that this Court issue an Order denying Defendant's pre-motion letter request to file a motion to dismiss, and for such other and further relief as this Court may deem just and proper.

Cordially,

*/S/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.