Michael J. Glidden (MG8451)
PEREZ & MORRIS LLC
17 Squadron Blvd., Suite 410
New City, New York 10956
Tel: (845) 634-5694
Fax: (845) 634-0917
E-mail: mjglidden@perez-morris.com
*Attorney for Defendant, The Kroger Co.*

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| EDWIN DIAZ, on behalf of himself and all others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | Case No. 1:18-cv-07953-KPF |
| | : | |
| v. | : | |
| | : | |
| THE KROGER CO., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## <u>**TABLE OF CONTENTS**</u>

**Page(s)**

TABLE OF AUTORITIES ......................................................................................................... ii

I.    INTRODUCTION ...................................................................................................... 1

II.   STATEMENT OF FACTS ......................................................................................... 2

III.  PROCEDURAL POSTURE ....................................................................................... 3

IV.   LAW AND ARGUMENT ......................................................................................... 3

    A.   Legal Standard: Rule 12(b)(1) Motion to Dismiss ................................................. 3

    B.   Legal Standard: Rule 12(b)(2) Motion to Dismiss ................................................. 4

    C.   The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction...... 5

        1.   The Plaintiff's Claims Are Moot Because Kroger Has Remedied All
            Alleged ADA Violations and The Kroger Website Renovations Render
            This Suit Moot. ........................................................................................... 5

    D.   The Complaint Should be Dismissed for Lack of Personal Jurisdiction ................ 8

        1.   Personal jurisdiction over Kroger does not exist under New York law. .... 9

        2.   The exercise of jurisdiction over Kroger would not satisfy federal due
            process requirements................................................................................. 11

            a.   New York cannot assert general jurisdiction over Kroger............ 12

            b.   New York cannot assert specific jurisdiction over Kroger. .......... 13

        3.   Plaintiff lacks standing because he cannot prove an injury in fact. .......... 14

V.    CONCLUSION......................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Wright*,
   468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)..........................................................16

*Amidax Trading Group v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2d Cir. 2011)..........................................................................................4

*APWU v. Potter*,
   343 F.3d 619 623 (2d Cir. 2003)...................................................................................4

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*,
   171 F.3d 779 (2d Cir.1999).........................................................................................9

*Bensusan Restaurant Corp. v. King*,
   126 F.3d 25 (2d Cir.1997)..........................................................................................10

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir.2007).........................................................................................9

*Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular. Inc.*,
   No. 05 Civ. 9994(KMW), 2007 WL 747807 (S.D.N.Y. Mar. 9, 2007)................................8, 9

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985)................................................12, 13, 14

*Campbell v. Greisberger*,
   80 F.3d 703 (2d Cir. 1996)..........................................................................................6

*Chloe v. Queen Bee of Beverly Hills, LLC*,
   616 F.3d 158 (2d Cir. 2010)......................................................................................5, 10

*Church of Lukumi Babalu Aye, Inc. v. Hialeah*,
   508 U.S. 520, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993).................................................16

*Clapper v. Amnesty Int'l USA*,
   568 US ___, 133 S.Ct. 1138, 185 L.Ed.2d 264.............................................................17

*Clear Channel Outdoor, Inc. v. City of New York*,
   594 F.3d 94 (2d Cir. 2010).........................................................................................6

*Daimler AG v. Bauman*,
   134 S. Ct. 746, 187 L.Ed.2d 624 (2014) .................................................................12, 13

*DaimlerChrysler Corp. v. Cuno*,
    547 U.S. 332, 126 S.Ct. 1854 [2006]....................................................................15

*Del-Orden v. Bonobos, Inc.*,
    No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017).............................................. *passim*

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
    722 F.3d 81 (2d Cir. 2013)..............................................................................5

*Eades v. Kennedy, PC Law Offices*,
    799 F.3d 161 (2d Cir. 2015)............................................................................4

*Family Internet, Inc. v. Cybernex, Inc.*,
    No. 98 Civ. 0637(RWS), 1999 WL 796177 (S.D.N.Y. Oct. 6, 1999)......................9

*Federal Election Comm'n v. Akins*,
    524 U.S. 11, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998)..........................................17

*Freeplay Music, Inc. v. Cox Radio, Inc.*,
    No. 04 Civ. 5238(GEL), 2005 WL 1500896 (S.D.N.Y. June 23, 2005) ............10, 11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
    528 U.S. 167 (2000).............................................................................6, 7, 15

*FW/PBS, Inc. v. Dallas*,
    493 U.S. 215, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).........................................15

*Genesis Healthcare Corp. v. Symczyk*,
    569 U.S. 66 (2013)....................................................................................3, 6

*Giammatteo v. Newton*,
    452 Fed. App'x 24 (2d Cir. 2011).....................................................................4

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984)....................................12, 13

*International Shoe Co. v. Washington*,
    326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945)................................................13

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770, 104 S. Ct. 1473, 79 L.Ed.2d 790 (1984).........................................13

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    732 F.3d 161 (2d Cir. 2013)............................................................................4

*Lucia Markett v. Five Guys Enterprises LLC*,
    No. 17-cv-788(KBF) (S.D.N.Y. July 21, 2017)....................................................7

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555, 112 S.Ct. 2130 (1992)...............................................................15, 16

*Makarova v. United States,*
    201 F.3d 110 (2d Cir. 2000)...............................................................2, 3, 4, 6

*Marsalis v. Schachner,*
    No. 01 Civ. 10774(DC), 2002 WL 1268006 (S.D.N.Y. June 6, 2002)....................................9

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,*
    84 F.3d 560 (2d Cir.1996)...............................................................4

*Minholz v. Lockheed Martin Corp.,*
    227 F. Supp.3d 249, 255 (N.D.N.Y. 2016)...............................................................2

*National Football League v. Miller,*
    No. 99 Civ. 11846(JSM), 2000 WL 335566 (S.D.N.Y. March 30, 2000)............................10

*Natural Res. Def. Council v. Johnson,*
    461 F.3d 164 (2d Cir. 2006)...............................................................4

*Pleasant Grove City v. Summum,*
    555 U.S. 460, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009)....................................16

*Public Citizen, Inc. v. National Hwy. Traffic Safety Admin.,*
    489 F.3d 1279 (C.A.D.C.2007)...............................................................16

*Public Citizen v. Department of Justice,*
    491 U.S. 440, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989)....................................17

*Robinson v. Overseas Military Sales Corp.,*
    21 F.3d 502 (2d Cir.1994)...............................................................4

*Shaffer v. Heitner,*
    433 U.S. 186, 97 S. Ct. 2569, 53 L.Ed.2d 683 (1977)....................................13

*Shipping Fin. Servs. Corps. V. Drakos,*
    140 F.3d 129 (2d Cir. 1998)...............................................................4

*Sikhs for Justice v. Nath,*
    893 F. Supp. 2d 598 (S.D.N.Y. 2012)...............................................................5

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,*
    450 F.3d 100 (2d Cir.2006)...............................................................9

*Spokeo, Inc. v. Robins,*
    136 S.Ct. 1540 (2016)...............................................................15, 16, 17

*Summers v. Earth Island Institute,*
  555 U.S. 488, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009)..................................15, 18, 19

*In re Terrorist Attacks on September 11, 2011,*
  714 F.3d 659 (2d Cir. 2013)...........................................................................4, 10

*U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,*
  241 F.3d 145 (2d Cir.2001).................................................................................9

*United States v. Richardson,*
  418 U.S. 166, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974)...........................................16

*Valley Forge Christian College v. Americans United for Separation of Church*
  *and State, Inc.,*
  454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)...........................................16

*Vermont Agency of Natural Resources v. United States ex rel. Stevens,*
  529 U.S. 765, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000)........................................16

*Walden v. Fiore,*
  134 S. Ct. 1115, 188 L.Ed.2d 12 (2014) .............................................................13

*Warth v. Seldin,*
  422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)...........................................15

*Whitmore v. Arkansas,*
  495 U.S. 149, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)........................................15

*World–Wide Volkswagen Corp. v. Woodson,*
  444 U.S. 286, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980)...........................................12

## Statutes

ADA .................................................................................................................. i, 1, 5

Title III of the ADA ........................................................................................5, 8, 18

Americans with Disabilities Act ...............................................................................1

Americans with Disabilities Act ..........................................................................1, 2

Federal Advisory Committee Act ...........................................................................17

New York Executive Law Article 15.........................................................................1

State Humans Rights Law.........................................................................................1

**Other Authorities**

C.P.L.R. § 302(a) ..................................................................................................9, 10

Fed. R. Civ. Pro. 12(b)(1) and 12(b)(2) ........................................................................1

N.Y.C. Admin. Code § 8-101 *et seq.* ............................................................................1

Article III, § 2 of the United States Constitution ....................................................3, 14

## MEMORANDUM IN SUPPORT OF MOTION

### I.    INTRODUCTION

Plaintiff Edwin Diaz ("Diaz") asserts Defendant The Kroger Co.'s ("Kroger") website, www.kroger.com, is not equally accessible to blind and visually-impaired consumers in violation of the Americans with Disabilities Act ("ADA").  Kroger has remedied all alleged violations of the ADA raised by Diaz in his First Amended Complaint ("Complaint").  Kroger's website, www.kroger.com is now compliant with the Web Content Accessibility Guidelines 2.0 ("WCAG 2.0") and therefore the claims raised in Diaz's Complaint are moot and the Complaint must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction.

Further, Diaz lacks standing to sue because he cannot demonstrate that he suffered an injury in fact nor can he demonstrate a future injury that is actual or imminent, which is a necessary element in demonstrating an entitlement to injunctive relief.  Therefore, the Plaintiff's Complaint must also be dismissed under Fed. R. Civ. Pro. 12(b)(1), again for a lack of subject matter jurisdiction.  Diaz also makes claims under New York State Humans Rights Law, New York Executive Law Article 15, and New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*  (First Amended Complaint ("Complaint") at ¶ 7).  Should this Court properly dismiss the Plaintiff's federal claims under the Americans with Disabilities Act, it should also dismiss the Plaintiff's state law claims for lack of federal jurisdiction.

Additionally, regardless of the genuineness of Diaz's claims, the fact that Kroger is not a New York corporation and does not transact business in New York prevents this Court from exercising personal jurisdiction over Kroger.  Accordingly, Diaz's Complaint must also be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(2) for lack of personal jurisdiction.

1

## II.    STATEMENT OF FACTS

Diaz is a resident of Bronx, New York and was at all times relevant to the matters asserted in the First Amended Complaint ("Complaint").   (Complaint at ¶ 11.)   Diaz also represents he is "a blind, visually-impaired handicapped person."  (Complaint at ¶ 11.)  Kroger is an Ohio corporation.  (Complaint at ¶ 12.)   Kroger is a food and grocery retailer that operates Kroger stores.   (Complaint at ¶ 20.)   Kroger also owns and operates the www.kroger.com website.  (Complaint at ¶ 20.)

Diaz alleges that Kroger has failed, "to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people," and that "Defendant's denial of full and equal access to its website, and therefore denial of its goods and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ('ADA')."  (Complaint, at ¶ 4.)

Importantly, Kroger has undertaken to remedy the alleged infirmities with its site and has completed all necessary improvements to make the website, www.kroger.com, accessible and compliant with the WCAG 2.0 standards.  (Affidavit of Andrew Whiting at ("Whiting Aff."), attached as Exhibit "1," at ¶¶ 8-11).

Kroger does not operate any of its food and grocery retail stores in New York.  (Whiting Aff., at ¶ 6.)[1]  Pursuant to Kroger's website, the closest Kroger store in relation to Diaz is in Hayes, Virginia, nearly 275 miles from Diaz's home in the Bronx, New York.  (Whiting Aff. at ¶ 7.)[2]

---

[1] In reviewing a Rule 12(b)(2) motion to dismiss, a Court may consider documents beyond the pleadings in determining whether personal jurisdiction exists.  *Minholz v. Lockheed Martin Corp.*, 227 F. Supp.3d 249, 255 (N.D.N.Y. 2016).

[2] On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "[the] court may consider evidence outside the pleadings, such as affidavits and exhibits."  *Del-Orden v. Bonobos, Inc.,* No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017), citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### III.    PROCEDURAL POSTURE

Plaintiff commenced this suit by filing a summons and complaint with the United States District Court for the Southern District of New York on August 30, 2018.  (ECF Docs. 1 & 2).  On September 27, 2018, Kroger, through their attorneys, Perez & Morris LLC, filed a pre-motion submission letter requesting the Court's permission to file a motion to dismiss the plaintiff's Complaint on personal jurisdiction grounds.  (ECF Doc. 8).  The Court scheduled a conference on Kroger's pre-submission letter, which conference occurred on October 31, 2018.  Subsequent to the October 31, 2018, conference, the plaintiff was instructed to file an Amended Complaint, which was filed on November 9, 2018.  (ECF Doc. 14).  On November 26, 2018, Kroger, again through counsel, filed a letter with the Court requesting permission to file a motion to dismiss on the grounds of mootness and lack of both personal and subject matter jurisdiction.  (ECF Doc. 15).  Kroger was instructed to file its motion on or before January 21, 2019.

### IV.    LAW AND ARGUMENT

#### A.    <u>Legal Standard: Rule 12(b)(1) Motion to Dismiss</u>

Under Fed. R. Civ. Pro. 12(b)(1) a court may properly dismiss a claim for lack of subject matter jurisdiction, "when the district court lacks that statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  Article III, § 2 of the United States Constitution limits the jurisdiction of the federal courts to matters that present actual "cases and controversies," therefore, "an actual controversy must be extant at all stages of review."  *Del-Orden v. Bonobos, Inc.,* No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2017), quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013).  "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during litigation, the action can no longer proceed and must be dismissed as moot."  *Genesis*, 569 U.S., at 72.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giammatteo v. Newton*, 452 Fed. App'x 24, 27 (2d Cir. 2011) citing *Makarova*, 201 F.3d, at 113.  "In resolving a motion to dismiss for lack of subject matter jurisdiction, 'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff.'"  *Del-Orden,* citing *Natural Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006).  But "jurisdiction must be shown affirmatively" by the plaintiff "and that showing is not made by drawing from the pleading inferences favorable to the party asserting it."  *Shipping Fin. Servs. Corps. V. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); see also *APWU v. Potter*, 343 F.3d 619 623 (2d Cir. 2003); *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).  On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "[the] court may consider evidence outside the pleadings, such as affidavits and exhibits."  *Del-Orden*, citing *Makarova*, 201 F.3d, at 113.

### B.     <u>Legal Standard: Rule 12(b)(2) Motion to Dismiss</u>

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996) (citing *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir.1994)).  "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists."  *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)).  The plaintiff's prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."  *In re Terrorist Attacks on*

*September 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted)).

"Once a defendant has raised a jurisdictional defense on a Rule 12(b) motion to dismiss, the plaintiff bears the burden of proving sufficient contacts with the relevant forum to establish jurisdiction over each defendant." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012). It is well-established that "in deciding a pretrial motion to dismiss for lack of jurisdiction a district court has considerable procedural leeway" and it "may determine the motion on the basis of ... affidavits alone." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (citation omitted).

    **C.**    **The Complaint Should Be Dismissed for Lack of Subject Matter Jurisdiction**

        **1.**    **The Plaintiff's Claims Are Moot Because Kroger Has Remedied All Alleged ADA Violations and The Kroger Website Renovations Render This Suit Moot.**

Since the inception of this lawsuit, Kroger, in a good faith effort to comply with the WCAG 2.0 standards applicable to websites of places of public accommodation under Title III of the ADA, has remedied all alleged violations of the ADA, therefore mooting this case and demonstrating that no actual case or controversy exists (Whiting Aff. at ¶¶ 8-13.) The existence, at all stages of the litigation, of an actual case or controversy is a requirement under the United States Constitution for a federal court to exercise subject matter jurisdiction over a defendant. As a result of Kroger's remediation of the alleged ADA violations, this case is moot and the Court therefore lacks subject matter jurisdiction and must dismiss the Plaintiff's Complaint.

The Kroger website, www.kroger.com, has undergone updates and since they have been completed, the alleged deficiencies claimed by the Plaintiff in his Amended Complaint no longer exist. (Whiting Aff. at ¶ 9-11.) Thus, Plaintiff's claims are moot and must be dismissed for lack of subject matter jurisdiction.

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000). Therefore, "an actual controversy must be extant at all stages of review." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72.

"[F]actual changes made by a defendant after litigation has commenced cannot render a case moot unless it is absolutely clear the defendant cannot resume the allegedly offending conduct." *Clear Channel Outdoor, Inc. v. City of New York*, 594 F.3d 94, 110 (2d Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000)). However, "[t]he voluntary cessation of allegedly illegal activity may render a case moot 'if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Id.* (quoting *Campbell v. Greisberger*, 80 F.3d 703, 706 (2d Cir. 1996)).

Here, Kroger has shown that the website has undergone corrective measures such that Plaintiff's claim is rendered moot. (Whiting Aff. at ¶ 10.) The injunctive relief Plaintiff seeks is no longer available to Plaintiff, as the alleged issues have been remedied by Kroger. (Whiting Aff. at ¶ 10.) Further, there is no reasonable expectation that the alleged violation will recur as Kroger is committed to keeping its website up to date. (Whiting Aff. at ¶¶ 11-13.) The new website design completely and irrevocably eradicates the effects of Kroger's alleged violations.

There is no longer any barrier to any portion of Kroger's website, thus, no basis for Mr. Diaz's complaint exists.

While Kroger is aware of this Court's decision in *Lucia Markett v. Five Guys Enterprises LLC*, No. 17-cv-788(KBF) (S.D.N.Y. July 21, 2017), *Lucia* is distinguishable for several reasons. First, the defendant in *Lucia* operated physical locations within the state, whereas Kroger does not have a store within 275 miles of Mr. Diaz. (Whiting Aff. at ¶ 7.) Further, the defendant in *Lucia* did not have a time frame or a definitive date on which its website would be accessible by screen reading software. Here, however, Kroger has been actively updating its website and completed all necessary updates. (Whiting Aff. at ¶¶ 8-11). Moreover, the initiation of the website redesign began before Mr. Diaz's complaint. (Whiting Aff. at ¶ 8.)  The Kroger website is now fully accessible to screen readers. (Whiting Aff. at ¶ 10).  Further, there is no incentive for Kroger to revert to a prior version of its website in the future. For these reasons, Kroger has established that "it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Lucia* quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 120 S. Ct. 693, 528 U.S. 167, 145 L.Ed.2d 610 (2000). Therefore, *Lucia* should not be controlling on the case at bar.

This Court's holding in *Del-Orden v. Bonobos*, No. 17 Civ. 2744 (PAE), 2017 WL 6547902 (S.D.N.Y. Dec. 20, 2017) is also distinguishable from the present case. The decision in *Del-Orden* was based upon the premise that defendant's inaccessible website prevented the plaintiff from accessing the traditional public accommodation of the defendant's brick and mortar store. *Id.* at *7. Here however, Mr. Diaz is nowhere near a Kroger store to access the brick and mortar locations. (Whiting Aff. at ¶¶ 6-7.) The plaintiff in *Del-Orden* was within the same state as the defendant's physical clothing store. *Del-Orden v. Bonobos, Inc.*, No. 1:17-cv-

02744 (S.D.N.Y. Apr. 17, 2017). He alleged he could not access the website's functions to select particular customized clothing, nor could he determine the address of the physical locations to seek out help of employees. *Del-Orden* at *2. In contrast, Kroger is a grocery store, not a retail apparel or clothing store. (Whiting Aff. at ¶ 4.) When ordering clothing online, a customer is not dependent upon being within close proximity to the shipping point. However, when ordering groceries online, it is unreasonable to place an order from a store 275 miles away. Further, Kroger has no locations in New York where Mr. Diaz could have sought out in-store help from employees. (Whiting Aff. at ¶ 6.) Thus, the nexus this court relied on in *Del-Orden* between the website and the brick and mortar stores is absent in the present case.

As Kroger has shown that the website in question is now accessible by Mr. Diaz's screen reader, the case is moot and the court lacks subject matter jurisdiction over the matter.

### D.     The Complaint Should be Dismissed for Lack of Personal Jurisdiction

Diaz contends this Court has subject-matter jurisdiction because his claims arise, in part, under Title III of the ADA, 42 U.S.C. § 12181, *et seq.*  Although Kroger does not dispute this Court would ordinarily have subject-matter jurisdiction over Diaz's claim, this Court lacks personal jurisdiction over Kroger, an Ohio corporation with no physical presence in New York. Accordingly, Diaz's Complaint should be dismissed for lack of personal jurisdiction.

To determine whether it may exercise personal jurisdiction over a non-domiciliary, a district court engages in a two-part analysis.  First, the court determines whether jurisdiction exists under the law of the forum state.  New York law recognizes two types of personal jurisdiction over a non-domiciliary: general personal jurisdiction and long-arm personal jurisdiction.  *Big Apple Pyrotechnics & Multimedia, Inc. v. Sparktacular. Inc.,* No. 05 Civ. 9994(KMW), 2007 WL 747807, at *2 (S.D.N.Y. Mar. 9, 2007).  The "traditional bases" for general personal jurisdiction include, for example, "physical presence, consent, domicile, or

business activity." *Id.*  Long-arm jurisdiction exists where the non-domiciliary engages in one of the activities enumerated in the long-arm statute, such as transacting business within New York, and the cause of action arises out of that activity.  *See* C.P.L.R. § 302(a); *see also Best Van Lines, Inc. v. Walker,* 490 F.3d 239, 246 (2d Cir.2007); *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 103 (2d Cir.2006).  A defendant "transacts business" in New York for purposes of the long-arm statute when he "purposefully avails [himself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its law." *Family Internet, Inc. v. Cybernex, Inc.,* No. 98 Civ. 0637(RWS), 1999 WL 796177, at *5 (S.D.N.Y. Oct. 6, 1999) (internal quotations omitted); *see also, Best Van Lines,* 490 F.3d at 246.

Second, even if state law allows for the exercise of personal jurisdiction over a non-domiciliary, the court must also determine whether the exercise of jurisdiction under state law would satisfy federal due process requirements.  *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999); *Big Apple Pyrotechnics & Multimedia Inc.,* 2007 WL 747807, at *2.  "Due process requires that a non-resident defendant have 'certain minimum contacts [with the forum] ... such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Marsalis v. Schachner,* No. 01 Civ. 10774(DC), 2002 WL 1268006, at *4 (S.D.N.Y. June 6, 2002) (quoting *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,* 241 F.3d 145, 152 (2d Cir.2001)).

### 1.    Personal jurisdiction over Kroger does not exist under New York law.

Kroger is not subject to general personal jurisdiction under New York law because it is not domiciled in New York, has no physical presence in New York, and does not generally conduct business in New York.  *See*, *Big Apple Pyrotechnics*, at *2.  Rather, it is undisputed Kroger is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  (Complaint at ¶ 12; Whiting Aff. at ¶ 3.)  Further, Kroger does not operate any retail stores in

New York.  (Whiting Aff. at ¶ 6.)  Therefore, Kroger is not subject to general jurisdiction in New York.

Similarly, Kroger is not subject to personal jurisdiction pursuant to New York's long-arm statute because Kroger does not engage in any of the activities enumerated in the statute.  *See* C.P.L.R. § 302(a).  The simple act of owning and operating a website that can be accessed in New York does not create a substantial connection with New York pursuant to New York's long-arm statute.  Indeed, it is "now established that one does not subject himself to the jurisdiction of the courts in another state simply because he maintains a web site which residents of that state visit."  *National Football League v. Miller,* No. 99 Civ. 11846(JSM), 2000 WL 335566 *2 (S.D.N.Y. March 30, 2000) (citing *Bensusan Restaurant Corp. v. King,* 126 F.3d 25 (2d Cir.1997).[3]  "It stretches the meaning of 'transacting business' too far to subject defendants to personal jurisdiction in any state merely for operating a website, however commercial in nature, that is capable of reaching customers in that state, <u>without some evidence or allegation that commercial activity in that state actually occurred or was actively sought</u>."  *Freeplay Music, Inc. v. Cox Radio, Inc.,* No. 04 Civ. 5238(GEL), 2005 WL 1500896, *6-7 (S.D.N.Y. June 23, 2005) (granting defendant's motion to dismiss for lack of personal jurisdiction pursuant to New York's long-arm statute where defendant operated an interactive website accessible by New York residents) (emphasis added).  The burden is on the plaintiff to make a prima facie showing of jurisdiction.  The plaintiff's prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."  *In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloe*

---

[3] Although the Court in *National Football League* found the defendant was subject to personal jurisdiction in New York, its conclusion was based on the facts the defendant profited from conduct in New York and damaged the plaintiffs in New York.  Neither fact is present here.

*v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted)).

Plaintiff's Complaint makes the bald assertion that Kroger transacts business in New York.  (Complaint, at ¶ 8).  However, the plaintiff makes no credible allegation that Kroger conducts commercial activity in the state.  The burden, at this stage of the litigation, is on the plaintiff to demonstrate that Kroger has conducted commercial activity in the state.  Aside from a bald assertion by the plaintiff that the, "Defendant ensures the delivery of such goods throughout the United States, including New York State," there is no evidence or allegation that Kroger ever actually has directly shipped goods into the State of New York.  (Complaint, at ¶ 20).  It is axiomatic that the burden is on the plaintiff to demonstrate, with more than just an allegation, "that commercial activity in [the] state actually occurred or was actively sought."  *Freeplay Music, Inc. v. Cox Radio, Inc.,* No. 04 Civ. 5238(GEL), 2005 WL 1500896, *6-7 (S.D.N.Y. June 23, 2005).  Here, the plaintiff has made no such showing.

As already established, Kroger merely owns and operates a website that may be accessed by New York residents.  There is no allegation Kroger actually engaged in commercial activity with Diaz.  Further, Diaz does not allege Kroger committed a tortious act in New York or that Kroger personally injured Diaz or his property in New York.  In short, there is absolutely no basis for this Court to exercise personal jurisdiction over Kroger pursuant to New York's long-arm statute.

### 2. The exercise of jurisdiction over Kroger would not satisfy federal due process requirements.

Even assuming Kroger is subject to personal jurisdiction pursuant to New York's long-arm statute, exercising jurisdiction over Kroger in New York does not comport with the Due Process Clause.  The analysis under the Due Process Clause requires "minimum contacts"

11

between the nonresident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–92, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980) (internal quotations omitted).   Sufficient contacts exist when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.* at 297, 100 S. Ct. 559.   The defendant must have "purposefully availed itself of the privilege of conducting activities within the forum [s]tate," thus invoking the benefits and protections of the state's laws. *Id.; see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985).   As an Ohio corporation with no office or retail presence in New York, Diaz cannot seriously argue Kroger could reasonably have anticipated being haled into a New York court.

### a.  New York cannot assert general jurisdiction over Kroger.

The minimum contacts necessary to satisfy due process form the basis for the exercise of either "general" or "specific" jurisdiction.   *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414 & n. 8, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984).   A court may assert general personal jurisdiction over a foreign corporation to hear any and all claims against it when the foreign corporation's affiliation with the forum state is so continuous and systematic as to render the foreign corporation essentially "at home" in the forum state.   *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 187 L.Ed.2d 624 (2014).   A corporation is considered "at home" in the state in which it is incorporated or where it has its principal place of business.   *Id.* at 760.

Here, it is undisputed that Kroger is not "at home" in New York.   Diaz expressly alleges, correctly, that Kroger is an Ohio corporation.   (Complaint at ¶ 12.)   It is also beyond dispute that Kroger's principal place of business is in Cincinnati, Ohio.   (Whiting Aff. at ¶ 3.)   Similarly, Kroger does not operate any of its grocery stores in New York.   (Whiting Aff. at ¶ 6.)

Consequently, pursuant to the Supreme Court's ruling in *Daimler*, New York cannot assert general jurisdiction over Kroger.

### b.      New York cannot assert specific jurisdiction over Kroger.

The inquiry whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L.Ed.2d 790 (1984) (quoting *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L.Ed.2d 683 (1977)).  For a state to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum state.  *Walden v. Fiore*, 134 S. Ct. 1115, 1121–23, 188 L.Ed.2d 12 (2014).

First, the relationship must arise out of contacts that the "defendant *himself*" creates with the forum State.  *Burger King,* 471 U.S. at 475; see also *Helicopteros Nacionales,* 466 U.S. at 417 ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").  Second, the "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.  See, *e.g., International Shoe Co. v. Washington,* 326 U.S. 310, 319, 66 S. Ct. 154, 90 L.Ed. 95 (1945) (Due process "does not contemplate that a state may make binding a judgment *in personam* against an individual [...] with which the state has no contacts, ties, or relations").

A defendant's contacts with the forum state may be intertwined with its transactions or interactions with the plaintiff or other parties.  However, a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.  *Walden*, 134 S. Ct. at 1121–23.  Due process requires that a defendant be haled into court in a forum State based on

13

his own affiliation with the state, not based on the "random, fortuitous, or attenuated" contacts he makes by interacting with other persons affiliated with the State. *Burger King,* 471 U.S., at 475 (internal quotation marks omitted).

There is nothing in the Complaint that even suggests the exercise of specific jurisdiction over Kroger would be appropriate. As indicated above, Kroger is neither incorporated in New York nor does it have its principal place of business here. (Complaint at ¶ 12; Whiting Aff. at ¶ 3.) Further, Kroger does not operate any stores in New York. The only allegation regarding Kroger's contacts with New York is Diaz, a New York resident, accessed Kroger's website. That alone is not sufficient to exercise specific jurisdiction over Kroger as it does not demonstrate a relationship that <u>Kroger created with New York</u> as required by *Burger King*. Further, there is no allegation Kroger targeted Diaz in New York or solicited him to access the Kroger website. Similarly, there is no allegation Diaz ordered any products from Kroger via the website or that Kroger delivered any products to Diaz in New York. Thus, it is beyond argument to think Kroger, which has no presence in New York, would anticipate being "haled into court" in New York due to a New York resident simply clicking on Kroger's website link.

### 3. Plaintiff lacks standing because he cannot prove an injury in fact.

Article III, Section 2 of the United States Constitution sets forth:

> **The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;-- to controversies between two or more states;--between a state and citizens of another state;--between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.**

This clause, known as the "Case or Controversy Clause" stands for the proposition that in order to avail himself or herself of the federal courts, a litigant must have standing to sue. "The doctrine of standing [. . .] requires federal courts to satisfy themselves that 'the plaintiff has

'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction.' *Warth v. Seldin,* 422 U.S. 490, at 498-499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). [Plaintiff] bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Institute,* 555 U.S. 488, 493, 129 S.Ct. 1142, 1149, 173 L.Ed.2d 1, 6 (2009).

In order to have standing to sue, there must be an actual case or controversy to be litigated. The "'irreducible constitutional minimum' of standing consists of three elements. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, at 560, 112 S.Ct. 2130 (1992). The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.,* at 560-561, 112 S.Ct. 2130; *Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc.,* 528 U.S. 167, at 180-181, 120 S.Ct. 693 (2000). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990)." *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547 (2016). When the case is at the pleading stage, "the plaintiff must 'clearly . . .allege facts demonstrating' each element. *Warth v. Seldin,* 422 U.S. 490, at 518, 95 S.Ct. 2197 (1975)." *Id.*

Specifically, in this case, the element of injury in fact cannot be demonstrated by the Plaintiff. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' *Lujan,* 504 U.S., at 560, 112 S.Ct. 1230." *Id*., at 1548.

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.' *Ibid.*, n. 1; see also, e.g., *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, at 342, 126 S.Ct. 1854 [2006] ('plaintiff must allege personal injury'); *Whitmore v. Arkansas,* 495 U.S.

15

149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990) ('distinct'); *Allen v. Wright,* 468 U.S. 737,

751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984) ('personal'); *Valley Forge Christian College v.*

*Americans United for Separation of Church and State, Inc*., 454 U.S. 464, at 472, 102 S.Ct. 752,

70 L.Ed.2d 700 (1982) (standing requires that the plaintiff 'personally has suffered some actual

or threatened injury'); *United States v. Richardson,* 418 U.S. 166, 177, 94 S.Ct. 2940, 41 L.Ed.2d

678 (1974) (not 'undifferentiated'); *Public Citizen, Inc. v. National Hwy. Traffic Safety Admin.,*

489 F.3d 1279, 1292-1293 (C.A.D.C.2007) (collecting cases)." *Id.*

      While particularization is necessary to establish injury in fact, it is not sufficient alone.

The alleged injury in fact must also be "concrete." *Id*. "A 'concrete' injury must be 'de facto';

that is, it must actually exist." *Id*.   An injury does not have to be tangible in order to be

recognized as concrete.   Intangible injuries can be concrete.   See, *Pleasant Grove City v.*

*Summum,* 555 U.S. 460, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009) (free speech); *Church of*

*Lukumi Babalu Aye, Inc. v. Hialeah,* 508 U.S. 520, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993) (free

exercise).

      In figuring out whether an alleged intangible harm constitutes injury in fact, "it is

instructive to consider whether an alleged intangible harm has a close relationship to a harm that

has traditionally been regarded as providing as basis for a lawsuit in English or American courts.

See, *Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 775-

777, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000)." *Spokeo, Inc.,* 136 S.Ct., at 1549.   Additionally,

since "Congress is well positioned to identify intangible harms that meet minimum Article III

requirements, its judgment is also instructive and important. Thus [. . .] Congress may 'elevat[e]

to the status of legally cognizable injuries concrete, de facto injuries that were previously

inadequate at law.'" *Id*., citing, *Lujan,* supra, 504 U.S., at 578, 112 S.Ct. 2130.

"Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. **Article III standing requires a concrete injury even in the context of a statutory violation**." *Id*. (emphasis added).   But this does not mean, "that the risk of real harm cannot satisfy the requirement of concreteness. See, e.g., *Clapper v. Amnesty Int'l USA,* 568 US ___, 133 S.Ct. 1138, 185 L.Ed.2d 264." *Id*.   For example, in cases where harm may be difficult to prove such as libel, slander per se, or a violation of procedural right granted by statute, there may still be standing to sue because "the law has long permitted recovery by certain victims even if their harms may be difficult to prove or measure.' *Id*.   "[A] plaintiff in such a case need not allege any additional harm beyond the one Congress has identified.  See, *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20-25, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998) (confirming that a group of voters' 'inability to obtain information' that Congress had decided to make public is a sufficient injury in fact to satisfy Article III); *Public Citizen v. Department of Justice,* 491 U.S. 440, 449, 109 S.Ct. 2558, 105 L.Ed.2d 377 (1989) (holding that two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act 'constitutes a sufficiently distinct injury to provide standing to sue')." *Id*., at 1549-1550.

Here, Plaintiff lacks standing because he cannot prove any concrete harm.  As Kroger is a grocery store that presumably could ships goods to New York.   However, Plaintiff is not dependent on Kroger for delivery of groceries to New York, because those same groceries Plaintiff allegedly seeks, he is able to get from more local retailers that are in the State of New York, routinely conduct business within the State of New York and have a brick and mortar store

located in New York for Plaintiff to visit.  Furthermore, the cost to Plaintiff would be even cheaper because he would not have to worry about exorbitant shipping and handling costs.

Mr. Diaz is a serial Plaintiff.  With nearly 50 cases filed in the Southern District of New York, alleging violations of Title III of the ADA, he is clearly not seeking redress from the courts for the right reasons. Moreover, the intent of Congress in passing Section 302 (a) of Title III of the ADA, 42 U.S.C.§ 12101 et seq., was not to open the litigation flood gates to burden the courts with cases and controversies when a plaintiff is not actually harmed, but instead plaintiff here is attempting to use the law to advance his own self serving agendas.  Much like the reasoning for denying standing in *Summers*, supra, Mr. Diaz fails to demonstrate a cognizable concrete injury-in-fact.   In *Summers*, the plaintiff alleged he had standing to challenge certain regulations surrounding certain property in the National Forest system.  The Supreme Court found that the plaintiff lacked standing because he could not demonstrate that the regulations he was attempting to challenge would directly affect parcels of property that he had visited or planned to visit.  "The national forests occupy more than 190 million acres, an area larger than Texas.  [citation omitted].  There may be a chance, but it is hardly a likelihood, that Bensman's wanderings will bring him to a parcel about to be affected by a project unlawfully subject to the regulations."  *Summers,* 555 U.S., at 495.

Similarly, Mr. Diaz is like the wandering plaintiff in the forest.  He may eventually stumble upon a website he could actually use and gain an advantage from but Kroger's website is not one of those websites.  It is illogical that he would choose to use Kroger as a shipping service for groceries (many of which are perishable) when he has plenty of alternative options in the tri-state area.  Unless Kroger offers some unique grocery items, Diaz would have no valid reason to utilize Kroger's website and shipping services.  Much like the likelihood of the plaintiff in

*Summers* stumbling upon a parcel that would be affected by the challenged regulation was unlikely, Diaz's stumbling upon of the Kroger website, for which he has no credible claim of making use of, is remote and should be a basis in which to deny standing.

## V.    CONCLUSION

For the foregoing reasons, the Plaintiff's First Amended Complaint should be dismissed as against the Defendant, The Kroger Co.

**PEREZ & MORRIS LLC**
By: /s/ Michael J. Glidden
Michael J. Glidden (MG 8451)
17 Squadron Blvd., Suite 410
New City, New York 10956
Tel: (848) 634-5694
Fax: (845) 634-0917
E-mail:  mglidden@perez-morris.com
*Attorney for Defendant The Kroger Co.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 18, 2019, a copy of the foregoing was filed and served

via NYSD-ECF to the following:

Joseph H. Mizrahi, Esq.  
Cohen & Mizrahi LLP  
300 Cadman Plaza West, 12th Floor  
Brooklyn, New York  11201  

*Attorneys for Plaintiff*

Jeffrey M. Gottlieb, Esq.  
Dana L. Gottlieb, Esq.  
Gottlieb & Associates  
150 East 18th Street, Suite PHR  
New York, New York  10003-2461  

*Attorneys for Plaintiff*


By: /s/ Michael J. Glidden                     
      Michael J. Glidden (MG 8451)