Michael J. Glidden (MG8451)
PEREZ & MORRIS LLC
17 Squadron Blvd., Suite 410
New City, New York 10956
Tel: (845) 634-5694
Fax: (845) 634-0917
E-mail: mjglidden@perez-morris.com
*Attorney for Defendant, The Kroger Co.*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN DIAZ, on behalf of himself and all others similarly situated, | |
| Plaintiffs, | Case No. 1:18-cv-07953-KPF |
| v. | |
| THE KROGER CO., | |
| Defendant. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I. PLAINTIFF FAILED TO CARRY HIS BURDEN UNDER FRCP R. 12(b)(1) AND THEREFORE THE DEFENDANT'S MOTION TO DISMISS MUST BE GRANTED

As the Plaintiff is well aware (as evidenced by Plaintiff's counsel's wholesale, word-for-word copying and pasting of the legal standards for Rule 12(b)(1) and 12(b)(2) motions to dismiss from Defendant's memorandum), on a 12(b)(1) motion to dismiss, the Plaintiff bears the burden of affirmatively demonstrating that jurisdiction exists, and that showing cannot be made simply, "by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corps. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); see also, *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). On a 12(b)(1) motion, the Court can consider evidence that is outside the pleadings, which evidence includes affidavits and exhibits. *Del-Orden v. Bonobos, Inc.*, No. 17 Civ. 2744 (PAE) (SDNY Dec. 20, 2018), citing *Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000).

In this instant case, Defendant has demonstrated, through admissible evidence in the form of an affidavit from Andrew Whiting, who has personal knowledge of the facts of this case, that the www.kroger.com website is now compliant with ADA standards and will continue to be. Importantly, the Plaintiff has provided no affidavit or evidence that rebuts the Whiting Affidavit. All the Plaintiff provides is supposition. Plaintiff does not provide any admissible evidence to support his claim that the Defendant has not mooted this case. Instead, he relies upon misplaced hopes and desires. The Plaintiff, throughout his brief in opposition to the Defendant's motion to dismiss, intimates website ADA claims cannot be mooted. This is illogical and unsupported by the existing case law. Plaintiff pins his argument on the idea that "mere plans do not moot an ADA case." ECF Doc. 30, at p. 11. Defendant wholeheartedly agrees with this statement and concedes that if this were the case where Kroger had not already undertaken to redesign its website to make

2

it ADA compatible, this motion would not have been put before this Court. But the Plaintiff misapprehends the facts of this case. The Defendant is not merely planning to upgrade its website, it has actually upgraded this website. (See, ECF Doc. 23, ¶ 10). The action of going through the website and making it compliant moves the issue from being one of merely trying to moot a case by providing plans, and instead puts it squarely into the realm of putting the plans into action and providing concrete relief to the Plaintiff, which should be the basis to moot this case. In other words, Kroger not only developed a plan, but put it in action and cured the defect. Plaintiff relies on case law, all of which has the common thread: the Court did not dismiss the defendant's case because the defendant only presented the court with mere plans or the defendant was in the process of complying with the ADA standards. Here, Defendant, Kroger implemented its plan and cured the alleged defect. The critical difference here is that Kroger, is unlike those defendants: Kroger is not presenting the Court with mere plans or asserting that it is in the process of remediating its website—Kroger has actually remediated its website and made it ADA compliant.

Additionally, Plaintiff has produce no evidence in admissible form that would serve to rebut the Defendant's evidence mooting this case. Interestingly, the Plaintiff provides no proof to counter the Defendant's sworn testimony that the website is now ADA compliant, and will continue to be ADA compliant. Furthermore, Plaintiff offers no evidence whatsoever, in any admissible form, other than counsel's supposition, that the website is not ADA compliant. Since jurisdiction must be shown affirmatively, the Plaintiff's memorandum fails to carry its burden. Here, the Defendant has presented evidence that the allegations in the First Amended Complaint (hereinafter, "Complaint") are no longer viable. The burden is then shifted to the Plaintiff to affirmatively demonstrate the existence of subject matter jurisdiction, which showing "is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs.*

*Corps., supra.* Even accepting the allegations in the Complaint as true, Plaintiff still has the burden of affirmatively showing that the Defendant's website is no longer compliant. Which Plaintiff has not done. Plaintiff's papers fail to live up to the burden established under R. 12(b)(1), in that he has failed to rebut the Defendant's sworn testimony that its website is ADA compliant. Plaintiff offers no proof to the contrary to carry his burden.

The Plaintiff has entirely failed to carry his burden. He cannot rebut the Defendant's affidavit because there is no evidence proffered by the Plaintiff that demonstrates that Kroger has not remediated its website. There is no testimony from any individual, be they an expert or the Plaintiff himself, stating that there still exist access barriers to the Kroger website. Instead, Plaintiff relies solely on supposition, by stating that it is believed that the website has not been remediated. Beliefs hold no weight in a court of law on a motion to dismiss. The Plaintiff is attempting to defeat the Defendant's motion to dismiss with absolutely no evidence.

The Plaintiff attempts to prevent this Court from dismissing this case as moot by citing to Kroger employee, Andrew Whiting's affidavit as being completely self-serving, as someone who has everything to gain and is therefore completely unreliable. However, Plaintiff has no proof to the contrary that Mr. Whiting's affidavit is self-serving and that what he has averred is unreliable. Plaintiff has failed to proffer any proof to the contrary. Plaintiff's argument discounts the fact that Mr. Whiting is in the best position to swear that the conduct will not reoccur. It makes no sense for Kroger to allow the website to become non-compliant. Kroger is the largest grocery chain in the United States. They operate a website that is accessible to everyone throughout the country, as is evident from this lawsuit. They are now on notice that they can be sued for this conduct again should it be repeated and should they fail to continue to monitor and update the website to keep it compliant with the evolving standards of the ADA in the digital age. Kroger stands by its

commitment to keep the website compliant because it has incentive to do so—it is far cheaper to keep the website in compliance than to face another ADA discrimination lawsuit.

Plaintiff disingenuously cites *Haynes v. Hooters of Am., LLC*, 893 F.3d 781 (11th Cir. 2018). Plaintiff attempts to cut out the operative part of the cited quote and mislead this Court. The quote, which was partially cited to by Plaintiff, is reproduced in whole, as follows:

> "Thus, notwithstanding the fact, as argued by Hooters and as found by the district court, *that the Gomez Settlement Agreement supplies Haynes with much of the relief he requested*, there is still a live controversy about whether Haynes can receive an injunction to force Hooters to make its website ADA compliant or to maintain it as such. Therefore, this case is not moot. See Wright v. Giuliani, 230 F.3d 543, 547 (2d Cir. 2000) (finding that although relief mandated in another case may remedy the conditions complained of in the instant case, the instant case will not be moot provided the first decision did not "grant the precise relief sought by the plaintiffs in this case"). (Emphasis added). Id., 893 F.3d, at 784.

The issue in *Haynes* revolved around a settlement agreement from a prior suit that Hooters had entered into to maintain its website in compliant status. The Court stated "we must consider whether, when a plaintiff sues a defendant for certain relief, the defendant's agreement with a third party to take actions which grant the plaintiff some of the relief he seeks moots the plaintiff's suit." *Id.* The case had materially different facts and is therefore distinguishable from the instant case and Plaintiff, once again, is attempting to mislead this Court by omitting material information.

Defendant does not challenge the high bar for mooting a case based upon voluntary cessation of the act underlying the reason for the request for injunctive relief. However, the Defendant has met its burden and the Plaintiff has utterly failed to demonstrate that the injunctive relief requested is needed. See, *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("Along with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct. *Hecht Co. v. Bowles*, supra; *Goshen Mfg. Co. v. Hubert A. Myers Mfg. Co.*,

1916, 242 U.S. 202, 37 S.Ct. 105, 61 L.Ed. 248. The purpose of an injunction is to prevent future violations, *Swift & Co. v. United States*, 1928, 276 U.S. 311, 326, 48 S.Ct. 311, 314, 72 L.Ed. 587 and, of course, it can be utilized even without a showing of past wrongs. <u>But the moving party must satisfy the court that relief is needed. The necessary determination is that there exists some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive</u>.") (Emphasis added). Plaintiff has failed to demonstrate that there is danger of the recurrence of the alleged violation.

Plaintiff's Complaint should be dismissed in its entirety because the Plaintiff has failed to carry his burden in defeating Defendant's motion to dismiss under FRCP R. 12(b)(1). Plaintiff has failed to proffer any evidence at all, other than beliefs and supposition, to refute the evidence provided by the Defendant that the website is now ADA compliant and Defendant has cured any alleged defects.

II. PLAINTIFF ONCE AGAIN FAILS TO MEET HIS BURDEN ON A MOTION TO DISMISS UNDER RULE 12(b)(2) AND THEREFORE HIS COMPLAINT SHOULD BE DISMISSED.

Plaintiff, once again, has wholly failed to carry his burden. On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, there is a burden shifting test, for which the Plaintiff seems to be unaware, even though he cited to the burden (again, word-for-word from Defendant's original memorandum). Under R. 12(b)(2), a plaintiff must first make a prima facie showing that personal jurisdiction exists. See, *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161 (2d Cir. 2015). Once that showing has been made, the burden shifts to the defendant to raise a jurisdictional defense, and then the burden shifts back to the plaintiff to prove sufficient contacts with the relevant forum to establish jurisdiction over the defendant. See, *Sikhs for Justice v. Nath*, 893

F.Supp. 2d 598 (S.D.N.Y. 2012). Although a district court has considerable procedural leeway in determining a motion to dismiss, so much so that it could determine the issues on the basis of affidavits alone (see, *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (citation omitted), the Plaintiff has still failed to meet this relatively low burden. No evidence has been proffered by the Plaintiff herein. Plaintiff seemed to attempt to argue the Defendant "sold products to at least one known New York resident." ECF Doc. 30, at 19. Plaintiff fails to provide any evidence to support his claim. Moreover, it appears counsel for Plaintiff is testifying in his opposition to defendant's motion to dismiss, and does not offer any proof to support his testimony that Kroger shipped into New York. The same way that the Plaintiff argues that Andrew Whiting's affidavit is self-serving, Mr. Mizrahi's statement should also be viewed as self-serving, but Plaintiff's counsel's statement fails to provide any evidence, unlike Mr. Whiting's affidavit. The burden is squarely on the Plaintiff to demonstrate that personal jurisdiction exists and once again, he has utterly failed to do so. He has failed to demonstrate that Kroger ships goods into the state of New York. The burden is on the Plaintiff to make this showing and he has failed to meet this burden.

Plaintiff has entirely failed to carry his burden in demonstrating that the Defendant is subject to the personal jurisdiction of the Federal Courts in New York State and therefore Plaintiff's first amended complaint should be dismissed in its entirety.

### III.  PLAINTIFF FAILS TO DEMONSTRATE STANDING TO SUE AND CANNOT PROVE AN INJURY IN FACT

Plaintiff attempts to argue that he has standing in this case by stating that he "still 'would like to, and intends to, access Kroger's Website in the future, in order to conduct online

shopping for delivery['] [sic]. *Id.*" ECF Doc. 30, at p. 20. Plaintiff in his opposition claims that his above statement that the Plaintiff still, would like to and intends to visit Kroger's website is found in his complaint. This is patently untrue, as a review of the complaint actually demonstrates that this statement is never made. The closest the Plaintiff comes to making this statement is: "If the Website was accessible to all, Plaintiff could independently navigate the Website and complete a desired transaction as sighted individuals do." ECF Doc. 14, at ¶ 30. Plaintiff's counsel appears to be aware of the case law and attempts to mislead this Court by manufacturing a statement that was not found in the complaint but which would have the effect of aiding the Plaintiff in defeating Defendant's motion to dismiss. Plaintiff's actual statement in his complaint, stating that he "could" independently navigate the website and complete a desired transaction is speculative at best. It does not allege an actual intent to return to the Kroger website. It manifests, at best, a possibility that the Plaintiff "could" one day return to the website, not a definite statement that he intends to. Plaintiff only alleges a dignitary harm.

The case law is clear:

> [I]f a dignitary harm based on an encounter with an allegedly discriminatory barrier to access of a public accommodation were sufficient to confer standing on a plaintiff, then any disabled person who learned of any barrier to access would automatically have standing to challenge the barrier, thereby essentially eliminating the injury-in-fact requirement. Such a result runs counter to the Supreme Court's emphatic statement that a violation of a statute "divorced from any concrete harm" is not sufficient to allege an injury-in-fact. Spokeo, Inc., 136 S.Ct. at 1549.

*Griffin v. Dep't of Labor Fed. Cred. Union*, 293 F.Supp.3d 576, 579 (E.D. Va. 2018).

> Additionally, "[b]ecause the ADA provides for injunctive relief, [p]laintiffs who encounter barriers at public accommodations have standing to bring claims only if they show a plausible intention or desire to return to the place but for the barriers to access." *Kramer v. Midamco*, 656 F. Supp. 2d 740, 747 (N.D. Ohio 2009); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (" 'Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to merely conjectural or

8

> hypothetical—threat of *future* injury.'") (emphasis in original). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974). "Intent to return to the place of injury 'some day' is insufficient." *Kramer*, 656 F. Supp. 2d at 747 (quoting *Lujan*, 504 U.S. at 564 ("[s]uch 'some day' intentions—without any description of concrete plans, or indeed any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require") (quotation marks omitted)).

*Mitchell v. Buckeye State Credit Union*, 2019 WL 1040962 (N.D. Oh. Mar. 5, 2019). It is abundantly clear that the Plaintiff here does not have standing as the only alleged injury is a dignitary harm. The Plaintiff's Complaint does not allege any concrete injury such that he has standing to pursue this claim. Therefore the Plaintiff's First Amended Complaint should be dismissed in its entirety.

IV. CONCLUSION

For all of the foregoing reason, Defendant's motion to dismiss the Plaintiff's first amended complaint should be granted.

PEREZ & MORRIS LLC

By: /s/ Michael J. Glidden, Esq.
Michael J. Glidden, Esq. (MG8451)
*Attorneys for Defendant, The Kroger Co.*
17 Squadron Blvd., Suite 410
New City, New York 10956
(845) 634-5694
mjglidden@perez-morris.com